UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOM OSTERMAN AND CATHLEEN OSTERMAN<br><br>*Plaintiff*s,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS<br><br>*Defendant*. | CASE NO.    CV13 -1787- BJR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

Defendant, U.S. Army Corps of Engineers ("the Corps"), moves this Court pursuant to Federal Rule of Civil Procedure 12(h)(3) for an order dismissing this action for lack of subject matter jurisdiction. Dkt. No. 20. Defendant charges that Plaintiffs lack standing to bring this suit. *Id*. Having reviewed the motion, Plaintiffs' opposition, and the reply thereto, as well as the relevant record evidence, the Court GRANTS the motion to dismiss. The reasoning for the Court's decision is set forth below.

## II.     BACKGROUND

Plaintiffs Tom and Cathleen Osterman, husband and wife, unsuccessfully petitioned the Corps for a permit to construct a private boat dock in the waters of the United States adjacent to their residence. Dkt. No. 1 "Comp." at ¶ 5. Dennis D. Reynolds, doing business as "Dennis D. Reynolds Law Office," provided legal representation to Plaintiffs in connection with their unsuccessful permit application. On November 7, 2012, Mr. Reynolds submitted a request under the Freedom of Information Act ("FOIA") to the Corps for the "Complete File for Osterman permit application (NWS-2009-569)." Dkt. No. 20, Ex. 2. Mr. Reynolds did not indicate in the FOIA request that he was acting in a representative capacity on behalf of Tom or Cathleen Osterman. *Id*. The name "Osterman" does not appear in the FOIA request other than to identify the particular permit application for which the FOIA request was made. *Id*.

Also on November 7, 2012, Mr. Reynolds sent an e-mail to the Corps stating: "Tom Osterman has requested that I review the [Corps'] entire file compiled in his matter. When could it be made available for my review? Please advise." *Id*. at Ex. 1. The e-mail makes no mention of the FOIA request. *Id*.

The Corps provided Mr. Reynolds with documents responsive to the FOIA request on December 10, 2012 and January 10, 2013, but withheld certain documents as exempt. Thereafter, on January 31, 2013, Mr. Reynolds filed a FOIA administrative appeal, purportedly on behalf of "Mr. and Mrs. Thomas Osterman … in connection with their November 7, 2012 [FOIA] … request to the [Corps] …" *Id*. at Ex. 5. Before any decision was made on the administrative appeal, however, the Ostermans filed this lawsuit. While Mr. Reynolds is counsel of record for Plaintiffs in this lawsuit, he is not a party-plaintiff. *See* Comp.

### III. DISCUSSION

#### A. Standard of Review

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The effect of Rule 12(h)(3) is to extend beyond the pleading stage the time within which a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be brought. *See Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir 2000) (citing 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[4], at 12–38 to 12–41 (3d ed.1999)). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*.

The instant motion constitutes the latter. With a factual Rule 12(b)(1) attack, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n. 1 (9th Cir. 1994) (citing *Mack v. South Bay Beer Distributors., Inc*., 798 F.2d 1279, 1282 (9th Cir.1986)). It also need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242 (citing Moore's Federal Practice, ¶ 12.30[4], at 12–38).

#### B. The Ostermans Lack Standing to Sue the Corps under this FOIA Action

It is black letter law that a litigant must have standing in order to invoke the power of a federal court. *Williams v. Boeing Co.*, 517 F.3d 1120, 1126-1127 (9th Cir. 2008) (quoting *Allen*

3

*v. Wright*, 468 U.S. 737, 750 (1984)). In the context of FOIA, standing is conferred on an individual whose FOIA request has been denied in whole or part. *See e.g. United States v. Richardson*, 418 U.S. 166, 204 (Stewart, J. dissenting) (1974). This means that the individual who made the FOIA request is the only individual who has standing to challenge an agency's response to that request. *See McDonnell v. United States*, 4 F.3d 1227, 1238 (3rd Cir. 1993) (noting that the only person who has standing to invoke the power of the federal courts in order to seek a remedy for a FOIA violation is the person who made the FOIA request); *Wetzel v. U.S. Dep't. of Veterans Affairs*, 949 F. Supp. 2d 198, 202 (D.D.C. 2013) ("[I]f a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit."); *Fieger v. Federal Election Com'n*, 690 F. Supp. 2d 644, 649 (E.D. Mich. 2010) ("There must be an identity between the requesting person and the party bringing the lawsuit.").

Consistent with this principle, courts routinely dismiss FOIA cases for lack of standing where plaintiff's counsel failed to clearly indicate that the FOIA request was filed on the plaintiff's behalf. *See*, *e.g.*, *Wingate v. U.S. Department of Homeland Security*, 2012 WL 1964114, *2 (M.D. Fla. May 31, 2012) (plaintiffs had no standing when FOIA requests were made by attorney without naming plaintiffs as requesting parties); *Wetzel*, 949 F. Supp. 2d at 202 (stating that "courts routinely dismiss FOIA cases for lack of standing by a plaintiff where plaintiff's counsel submitted a request without including plaintiff's name or clearly indicating that the request was being filed on the plaintiff's behalf"); *Feinman v. FBI*, 680 F. Supp. 2d 169, 173 (D.D.C. 2010) ("[E]ven if a plaintiff is mentioned in the original request, [he] would still lack standing if the request was not clearly made on [his] behalf or otherwise failed to state [his] interest in the request."); *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 3 (D.D.C. 2005) ("[A]n attorney must adequately identify that he is making the FOIA request for

4

his client in order for the client to have standing to pursue a FOIA action."); *Mahtesian v. U.S. Office of Personnel Management*, 388 F. Supp. 2d 1047, 1048-1050 (N.D. Cal. 2005) (an individual who is not disclosed in a FOIA request does not have standing to sue under FOIA); *The Haskell Co. v. Dep't of Justice*, 2006 WL 627156, at *2 (D.D.C. Mar. 13, 2006) (dismissing case for lack of standing because FOIA request was "submitted solely by" plaintiff's attorney and plaintiff was "not the real party in interest"); *MAXXAM, Inc. v. F.D.I.C.*, 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999) (dismissing for lack of standing because attorney "made the FOIA request in its own name" and plaintiff's name did not appear on request); *Unigard Ins. Co. v. Dep't. of Treasury*, 997 F. Supp. 1339, 1341 (S.D. Cal. 1997) ("A person whose name does not appear on the request for disclosure lacks standing to sue under FOIA, even if his interest was asserted in the request.").

  Here, it is undisputed that the FOIA request is not signed by the Ostermans; nor, does the FOIA request indicate that it was made on behalf of the Ostermans. Indeed, the name "Osterman" does not appear on the FOIA request except to indicate that the requester seeks documents related to the "Osterman permit application." Nevertheless, Plaintiffs argue that this Court should hold that they have standing to bring this suit because (1) Mr. Reynolds intended to file the FOIA request in a representative capacity, and (2) the Corp knew that it was Mr. Reynolds' intent to file the request on their behalf.

  The Court is not persuaded by Plaintiffs' arguments. First, although Mr. Reynolds asserts that it was always his intent to make the request on the Ostermans' behalf, a *post hoc* declaration by an attorney of an intent which is not manifested by the operative FOIA request is irrelevant. Such a self-serving declaration is inherently unreliable. *See Craig v. Cain*, 2011 WL 6130594, *5 (M.D. La. 2011) (attorney's after-the-fact statement as to the actual "intent" of a motion to quash

was disregarded because the motion itself did not reflect such an intent.) Moreover, it is patently unworkable from a FOIA perspective to ask federal agencies to recognize someone as an actual FOIA requester based only on after-the-fact statements of intent, such as those made by Mr. Reynolds. An agency "is not required to divine a requester's intent" in construing a FOIA request. *Landmark Legal Foundation v. E.P.A.*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003); *and see Three Forks Ranch,* 358 F.Supp.2d at 3 ("It is unreasonable to expect overburdened FOIA administrators to interpret whether a request is being made by the individual writing the request letter, by someone else mentioned in the letter, or both.").

Second, the Court does not agree that the Corps knew or should have known that Mr. Reynolds was acting on behalf of the Ostermans. As the cases cited above recognize, there is nothing unusual about an attorney or a law firm making a FOIA request in their own right concerning a client matter. *See, e.g., Wetzel v. supra,* 949 F. Supp. 2d at 203. These decisions also recognize that it is irrelevant, both practically and legally, that the attorney may not have a personal interest in the requested documents or that the identity of the attorney's client is either known to or knowable by the agency from the nature of the request. *See, e.g., Unigard*, 997 F. Supp. at 1342 (attorney's lack of personal interest in the information and agency's knowledge of the client's interest is irrelevant because the person seeking the information need not have a personal interest in the information sought). Thus, as numerous courts have recognized, that a FOIA request is made by an attorney in connection with a client matter does not make the client the requesting party. *See, e.g., Wetzel*, *supra*, 949 F. Supp. 2d at 203 (that requesting attorney intended to use the information for client's benefit "does not make the [client] himself the requester within the meaning of FOIA.")

Directly on point is *Three Forks Ranch Corp. v. Bureau of Land Management*, 358 F. Supp. 2d 1 (D.D.C. 2005). In *Three Forks Ranch*, a corporation's attorney sent a FOIA request to the Bureau of Land Management in which he stated "[i]n order to help determine my status to assess fees, you should know that I am an attorney representing Three Forks Ranch Corp. in connection with evaluating the Clayton Williams [Application for Permission to Drill]." *Id*. at 2. As framed in its opinion, the question before the court was "whether a FOIA request by a corporation's attorney, which merely mentions the corporation, is sufficient to establish standing on the part of the corporation to challenge the agency's action." *Id*. The court found that "although the request made by [attorney] Von Holt mentions Three Forks Ranch, it is not clear that the request is being made on behalf of his client." *Id*. at 3. Thus, the court answered the foregoing question in the negative, holding that "a FOIA request made by an attorney *must clearly indicate* that it is being made 'on behalf of' the corporation to give that corporation standing to bring a FOIA challenge." *Id.*(emphasis added); *and see SAE Productions, Inc. v. F.B.I.*, 589 F. Supp. 2d 76, 82 (D.D.C. 2008) (corporation's president's use of corporate letterhead in making a FOIA request regarding corporation, without more, was an insufficient indication that the FOIA request was being made on behalf of the corporation.)

It was not until after the Corps responded to the FOIA request and an administrative appeal was filed that Mr. Reynolds claimed he made the request on behalf of the Ostermans. This is not sufficient to confer standing on the Ostermans. Indeed, if it were, there would be nothing to prohibit a party from piggy-backing onto an existing request at any point in the administrative and/or judicial process. Such was not the intent of Congress. *See*, *e.g*., *McDonnell*, 4 F.3d at 1237 (noting that FOIA's legislative history reflects Congress's intent that only an individual who submitted a formal request under FOIA may challenge an agency's decision not to release

the requested documents); *Wetzel*, 949 F. Supp. 2d at 204 ("The elucidation of [the attorney's] relationship with the requester [for the first time] on appeal does not change the nature of the request itself. Unsurprisingly, [plaintiff] cites no authority for the proposition that communications in the context of an administrative appeal can make a new individual a requester.").

## IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS the U.S. Army Corps of Engineers' motion to dismiss for lack of subject matter jurisdiction.

Dated this 30th day of October, 2014.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge